# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 10-505V
**Filed: May 14, 2014**

| | |
|---|---|
| * * * * * * * * * * * * * * * * | UNPUBLISHED |
| A.O., a minor, by her parents * | |
| BARBARA and CURT OLUND, * | Special Master Dorsey |
| * | |
| Petitioners, * | |
| * | Joint Stipulation on Damages; |
| v. * | Human Papillomavirus ("HPV") |
| * | Vaccines; Guillain Barré Syndrome |
| SECRETARY OF HEALTH * | ("GBS"); Chronic Inflammatory |
| AND HUMAN SERVICES, * | Demyelinating Polyneuropathy |
| * | ("CIDP"); Autoimmune |
| Respondent. * | Polyneuropathy ("AP"). |
| * * * * * * * * * * * * * * * * | |

Lawrence R. Cohan, Anapol, Schwartz, Weiss, Cohan, Feldman, & Smally, P.C., Philadelphia, PA, for petitioner.
Debra Begley, United States Department of Justice, Washington, DC, for respondent.

## DECISION[1]

On August 3, 2010, Barbara and Curt Olund filed a petition on behalf of their minor daughter, A.O., pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2006). Mr. and Mrs. Olund alleged that A.O. received her third Human Papillomavirus ("HPV") vaccination on September 19, 2008, and that she thereafter suffered from Guillain Barré Syndrome ("GBS") which was caused in fact by the vaccination. *See* Petition at 1.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On May 13, 2014, the parties filed a stipulation in which they agree that a decision should be entered awarding compensation.

Respondent denies that A.O.'s GBS, CIDP, and/or AP, or any other condition, was caused-in-fact by her HPV vaccinations, and/or her Tdap, varicella, and/or her flu vaccinations. Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulated that petitioner shall receive the following compensation:

a. **A lump sum of $160,000.00 in the form of a check payable to petitioners as guardians/ conservators of A.O.'s estate; and**

b. **A lump sum of $25,000.00 in the form of a check payable to Barbara and Curt Olund for past unreimbursed medical expenses.**

Stipulation ¶ 8. These amounts represent compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

The undersigned approves the requested amount for petitioners' compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/ Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| A.O., a minor, by her parents **BARBARA** and **CURT OLUND**, | \* \* \* |
| Petitioners, | \* \* |
| v. | \* \* |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | \* \* \* |
| Respondent. | \* |

No. 10-505V
SPECIAL MASTER
NORA BETH DORSEY

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

STIPULATION

The parties hereby stipulate to the following matters:

1.    Petitioners filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34 (the "Vaccine Program") on behalf of their minor child, AO.  The petition seeks compensation for injuries allegedly related to AO's receipt of Human Papillomavirus ("HPV") vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2.    AO received an influenza ("flu") vaccine on October 15, 2007; HPV, tetanus, diphtheria, acellular-pertussis ("Tdap"), and varicella vaccines on November 6, 2007; a second HPV vaccine on January 14, 2008; and a third HPV vaccine on September 19, 2008.

3.    These vaccines were administered within the United States.

4.    Petitioners allege that AO developed Guillain Barré Syndrome ("GBS") and/or chronic inflammatory demyelinating polyneuropathy ("CIDP"), and/or an autoimmune polyneuropathy ("AP") that was/were caused in fact by her HPV vaccinations.  They further alleged that AO experienced the residual effects of her condition for more than six months.

5.    Petitioners represent that there has been no prior award or settlement of a civil action for damages on behalf of AO as a result of her condition.

6.    Respondent denies that AO's GBS, CIDP, and/or AP, or any other condition, was caused-in-fact by her HPV vaccinations, and/or her Tdap, varicella, and/or flu vaccinations.

7.    Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8.    As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

A.    a lump sum of $160,000.00 in the form of a check payable to petitioners as guardians/conservators of AO's estate; and

B.    a lump sum of $25,000.00 in the form of a check payable to Barbara and Curt Olund for past unreimbursed medical expenses.

These amounts represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

9.    As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10.    Petitioners and their attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa- 15(g), to the extent that payment has been made or can reasonably be

2

expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11.     Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12.     The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursed medical expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of AO as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13.     Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as guardians/conservators of AO's estate under the laws of the State of California. No payments pursuant to this Stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointment as guardians/conservators of AO's estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardians/conservators of the estate of AO at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of AO upon submission of written documentation of such appointment to the Secretary.

14.     In return for the payments described in paragraphs 8 and 9, petitioners, in their individual capacity and as legal representatives of AO, on behalf of themselves, AO, and her heirs, executors, administrators, successors or assigns, do forever irrevocably and

3

unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of AO resulting from, or alleged to have resulted from, the HPV vaccinations administered on November 6, 2007, January 14, 2008, and September 19, 2008, and/or Tdap and/or varicella vaccinations administered on November 6, 2007, and/or a flu vaccination administered on October 15, 2007, as alleged by petitioners in a petition for vaccine compensation filed on or about August 3, 2010, in the United States Court of Federal Claims as petition No. 10-505.

15.    If AO should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16.    If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17.    This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in

4

this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18.  This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that that AO's GBS, CIDP, and/or AP, or any other condition, was caused-in-fact by her HPV vaccinations, and/or her Tdap, varicella, and/or flu vaccinations.

19.  All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as legal representatives of AO.

END OF STIPULATION

Respectfully submitted,

PETITIONERS:

_BARBARA OLUND_

_CURT OLUND_

ATTORNEY OF RECORD FOR
PETITIONERS:

_LAWRENCE R. COHAN_
Anapol, Schwartz, Weiss, Cohan, Feldman,
& Smally, P.C.
1710 Spruce Street
Philadelphia, PA 19103
(215)790-4567

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

_VINCENT J. MATANOSKI_
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

_A. MELISSA HOUSTON M.D., M.P.H., FAAP_
Acting Director, Division of
Vaccine Injury Compensation,
Acting Director, Countermeasures Injury
Compensation Program
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

_DEBRA A. FILTEAU BEGLEY_
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-4181

6